United States District Court
Southern District of Texas
**ENTERED**
May 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD RAILSBACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2597 |
| | § | |
| JULIE ESCALANTE, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are the following motions: Defendant City of Baytown's Motion to Dismiss (Doc. 9); Defendant Ignacio Ramirez's Motion to Dismiss (Doc. 10),; Defendant Michael Garner's Motion to Dismiss (Doc. 11); Defendant Julie Escalante's Motion to Dismiss (Doc. 12); Defendant Cris Curry's Motion to Dismiss (Doc. 13); Defendant Karen Rodriguez's Motion to Dismiss (Doc. 14); Defendant Bryan Thompson's Motion to Dismiss (Doc. 15) and Defendant C. Keith Dougherty's Motion to Dismiss (Doc. 16). Plaintiff has filed no response to these motions. For the reasons discussed below, it is **RECOMMENDED** that the motions be **GRANTED.**

### I. Factual Background

Plaintiff was involved in a traffic accident in February 2017 and was issued a citation to appear in municipal court within fifteen days to answer the charge.[2] Plaintiff did not appear until

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated August 16, 2018.

[2] See Doc. 1, Pl.'s Compl. p. 5.

May 2, 2017.³  When Defendant Municipal Court Judge Julie Escalante ("Judge Escalante") asked for his plea, Plaintiff attempted to ask her a question, prompting Judge Escalante to interrupt him and enter a plea of not guilty on his behalf.⁴

Plaintiff complains that Judge Escalante failed to give Plaintiff a copy of the charges, failed to advise him of the penalties he faced, failed to advise him of his constitutional rights, and failed to set a trial date at his arraignment.⁵  After the arraignment, Plaintiff met with Defendant Michael Garner ("Garner"), an Assistant City Attorney, and asked Garner to drop the charges.⁶  When Garner asked why he should drop the charges, Plaintiff stated, "Because if you don't, it will be the biggest mistake of your life."⁷  Plaintiff then signed documents agreeing to a trial date of July 5, 2017.⁸

On July 5, 2017, the jury pool was shown a video on the responsibilities of a jury.⁹  Plaintiff complains that he had no

---

³     See id.

⁴     See id.

⁵     See id.

⁶     See id.  Although not relevant for purposes of this motion, the Defendants explain that the charges were failing to control speed and failure to appear.  See Doc. 9-2, Ex. B to Def. City of Baytown's Mot. to Dismiss, Judgments Dated July 5, 2017.

⁷     See Doc. 1, Pl.'s Compl. p. 5.

⁸     See id.

⁹     See id.

opportunity to counter misleading information contained in the video.[10] Plaintiff moved to dismiss the citations on the grounds that he had not been properly advised of the charges at his arraignment; Judge Escalante denied the motion.[11]

Trial commenced with Judge Escalante's reading the citations to the jury, followed by Garner's presentation of the State's case.[12] Plaintiff complains that neither Judge Escalante nor Garner advised the jury of the statutes Plaintiff was alleged to have violated, the express language of the statutes, or the elements of the charged offenses.[13] He also complains that the two citations were not admitted into evidence.[14]

After the close of the State's case, Plaintiff's motion for a judgment of acquittal was denied by Judge Escalante.[15] Plaintiff attempted to call as a witness Defendant Karen Rodriguez ("Rodriguez"), a court clerk, as Plaintiff believed that Rodriguez had signed the citations.[16] Plaintiff complains that Judge Escalante refused to allow Rodriguez to answer any questions posed

---

[10]   See id.

[11]   See id.

[12]   See id.

[13]   See id.

[14]   See id.

[15]   See id.

[16]   See id.

by Plaintiff because Rodriguez was not the complaining witness.[17]

After Judge Escalante advised Plaintiff that the State of Texas was the complaining witness, Plaintiff attempted to call the State of Texas to the stand.[18] Garner and Judge Escalante inquired whether Plaintiff had subpoenaed the State of Texas, and Plaintiff responded that it was not his duty to subpoena a prosecution witness.[19]

Judge Escalante instructed the jury on the law without allowing Plaintiff to review and object to the jury instructions in advance.[20] After being advised by Judge Escalante to remain in the courtroom during jury deliberations, Plaintiff left to get a snack, during which time the jury returned with a verdict.[21] Upon his return to the courtroom, he was "met with verbal abuse from the judge and the jury already seated in the courtroom without Plaintiff's presence."[22] The jury returned guilty verdicts on both charges.[23]

On July 26, 2018, Plaintiff filed the present lawsuit pursuant to 42 U.S.C. Sections 1983 and 1985. Plaintiff complains that the

---

[17] See id.

[18] See id.

[19] See id.

[20] See id. p. 6.

[21] See id.

[22] See id.

[23] See id.

conduct of Judge Escalante and Assistant City Attorney Garner violated his constitutional rights for which he seeks $500,000 in compensatory damages and $5,000,000 in punitive damages.[24] He also sues the City of Baytown, Ignacio Ramirez, the Baytown City Attorney, Cris Curry, City of Baytown Municipal Court Clerk, Karen Rodriguez, City of Baytown Municipal Court Clerk, Bryan Thompson, Detective, City of Baytown Police Department and C. Keith Dougherty, Baytown's Chief of Police for the same violations of his constitutional rights.[25]

## II.  Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[24]   See id.

[25]   See id. pp. 2, 8.

Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III.   Analysis

In the motions before the court, each defendant argues that Plaintiff's Section 1983 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that Plaintiff has failed to adequately allege violations of 42 U.S.C. Sections 1983 and 1985.  The court considers the motions.

**A.   Section 1983**

A plaintiff can establish a prima facie case under Section 1983[26] by alleging 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under the color of state law. Doe v. Rains Cty.

---

[26]   Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

6

Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). The statute creates no substantive rights, but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

When a plaintiff who brings a Section 1983 claim for damages has been convicted or sentenced in a prior criminal proceeding, the court must consider whether "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Should there exist such a connection between the Section 1983 claim and the plaintiff's conviction or sentence, the plaintiff has no cause of action under Section 1983 unless the conviction or sentence is expunged or invalidated. Id. at 487.

> The Supreme Court explained:
>
> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Id. at 486-87. The Supreme Court emphasized that it would be inappropriate to allow a collateral attack on the validity of criminal judgments via civil tort actions, pointing to judicial policies of "avoid[ing] parallel litigation over the issues of probable cause and guilt" and preventing "conflicting resolutions

7

arising out of the same or identical transaction." Id. at 484-85 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5 (1991)).

Plaintiff's complaint alleges that the jury found him guilty of the charges.[27] Plaintiff has not alleged, much less submitted evidence, that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" as required. See Heck, 512 U.S. at 486-87. Because judgment in favor of Plaintiff on his claims of violations of his constitutional rights necessarily would call into question the validity of his criminal convictions, the claims are barred against all defendants. See Wells v. Bonner, 45 F.3d 90, 94-95 (5th Cir. 1995); Heck, 512 U.S. at 484-85, 487.

## B. Section 1985

Plaintiff has made reference to Section 1985 in his complaint without citing to the specific subsection of that statute that he believes entitles him to relief. Because the gravamen of Plaintiff's complaint is the deprivation of civil rights during the course of a state judicial proceeding, the court assumes that

---

[27] See Doc. 1, Pl.'s Compl. p. 6.

8

Plaintiff sues under Section 1985(2).[28]

Section 1985(2) outlaws five broad categories of conspiracies to deprive persons of their rights. Three of the five categories relate to the interference with federal court processes; the remaining two apply to conspiracies to obstruct state court proceedings. See Kush v. Rutledge, 460 U.S. 719, 725 (1983). Each of those latter two categories requires that the conspirators' actions be motivated by an intent to deprive the victim of the equal protection of the law. Id. The Fifth Circuit has explained that in order to state a claim under Section 1985(2), "'there must be some racial, or . . . class-based, invidiously discriminatory animus behind the conspirators' action.'" See Bryant v. Military Dept. of Miss., 597 F.3d 678, 687 (5th Cir. 2010)(quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Here, Plaintiff has failed to allege any facts that would support an inference of a class-based animus against him, and the court finds that he has failed to state a claim for relief under Section 1985(2).

---

[28] 42 U.S.C. § 1985(2) provides in relevant part:

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such a juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; . . .

But Plaintiff's Section 1985(2) claim suffers from more than a pleading deficiency. Although Heck addressed only actions brought under Section 1983, the Fifth Circuit has found that the Heck bar also applies to claims made under Section 1985. See Claunch v. Williams, 508 F. App'x 358, 359 (5th Cir. 2013)(unpublished)(dismissing claims under 42 U.S.C. Sections 1983, 1985, 1986 and 1988 because a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence); Amaker v. Weiner, 179 F.3d 48, 51 (2nd Cir. 1999)(same); Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994)(applying Heck to a Bivens action); Brown v. Town of DeKalb, Miss., 519 F.Supp.2d 635, 644-45 (S.D. Miss. 2007)(finding that the Heck bar applies to a Section 1985 claim); Moreno v. Curry, 4:06cv238-Y, 2006 WL 3207984 at *4 (N.D. Tex. Nov. 7, 2006)(same);

In the present case, Plaintiff's claims attack the integrity and fairness of his criminal prosecution and convictions. A favorable finding that Plaintiff's rights were violated during the course of the criminal trial would implicate the unconstitutionality of the plaintiff's convictions or sentence. Plaintiff's Section 1985(2) claims against all defendants are therefore barred by Heck.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of May, 2019.

Nancy K. Johnson
United States Magistrate Judge